**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| PHARMA TECHNOLOGY, et al., | : | CIVIL ACTION NO. 13-2910 (MLC) |
| | : | |
| Plaintiffs, | : | **O P I N I O N** |
| | : | |
| v. | : | |
| | : | |
| STEVENS PHARMACEUTICAL EQUIPMENT | : | |
| INDUSTRIES, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**THE PLAINTIFFS** brought this action on May 6, 2013, to recover damages for breach of contract against the defendants, Stevens Pharmaceutical Equipment Industries, LLC ("SPLLC") and Steven McLean, and assert jurisdiction under 28 U.S.C. § ("Section") 1332. (See dkt. entry no. 1, Compl.) The Court will dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS**, pursuant to their own allegations and the Court's own research, are deemed to be citizens of a foreign country, i.e, Belgium. (See Compl. at 1 (listing plaintiffs' citizenship, as well as true names ending in "S.A." designation).) See Eurofins Pharma US Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 152 n.2 (3d Cir. 2010) (stating "société anonyme" refers to a corporation). But the plaintiffs incorrectly treat SPLLC as a corporation; it is a limited liability company. (See

Compl. at 1.) Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Id. at 420. The name and citizenship of each member must be specifically alleged. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").

**THE PLAINTIFFS** also fail to allege the required citizenship of McLean, only alleging that he is a Florida "resident". (See Compl. at 1.) See McNair v. Synapse Gp., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating allegations as to mere residency are jurisdictionally inadequate in actions brought under Section 1332).

**THE PLAINTIFFS** have failed to show that complete diversity of citizenship exists here. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the

Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each defendant. If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004). Thus, the plaintiffs must properly (1) list each member — including each non-managing and non-individual member — within SPLLC on May 6, 2013, analyze the citizenship of each member within SPLLC as it existed specifically on May 6, 2013, and provide supporting documentation and affidavits from those with knowledge of SPLLC's structure, (2) demonstrate which state McLean was a citizen of specifically on May 6, 2013, and (3) show that there is jurisdiction under Section 1332.

3

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint. The Court advises the plaintiffs that an allegation as to where any party or member resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008). The Court advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a place other than Belgium"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as they should have ascertained jurisdiction before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320. As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004). The plaintiffs' "lack of care in invoking the District Court's jurisdiction is regrettable". McNair, 672 F.3d at 219 n.4.

**THE COURT** also notes that the plaintiffs' venue allegation is insufficient. (See Compl. at 2, ¶ 6 (referring to (1) jurisdiction instead of venue, and (2) nonexistent Section 1291(a)).) Furthermore, the Court's own research reveals that

4

the plaintiffs may not have listed SPLLC's true principal place of business.  (See Compl. at 1.)  If the plaintiffs opt to move to reopen, then they should (1) ensure that venue is proper here, and (2) take greater care in alleging venue properly.[1]

**THE COURT** will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:  May 13, 2013

---

[1]  The Court is concerned that the New Jersey address listed by the plaintiffs for SPLLC is merely the address of SPLLC's registered agent in New Jersey.  See Johnson v. Gen. Dynamics Info. Tech., 675 F.Supp.2d 236, 241-42 (D.N.H. 2009) (transferring action, even though defendant had registered agent in original venue); Matt v. Baxter Healthcare Corp., 74 F.Supp.2d 467, 468-69 (E.D. Pa. 1999) (granting motion to transfer, even though defendant had registered agent in original venue).